**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

**UNITED STATES OF AMERICA,**

**v.**                                                    **CRIMINAL NO. 23-149**

**TERRILL ALEXANDER**

    **Defendant.**

**SENTENCING MEMORANDUM ON BEHALF OF TERRILL ALEXANDER**

Through the undersigned counsel, TERRILL ALEXANDER files the following Sentencing Memorandum setting forth all factors that the Court should consider in determining what type and length of sentence is sufficient, but not greater than necessary, to comply with the statutory directives set forth in 18 U.S.C. 3553(a).

**Factors Which Weigh Against The Sentencing Guidelines**

Alexander's mother was murdered in her home when he was only 4 years old. Growing up without a mother has severely affected his entire life. He was reared primarily by his maternal grandmother who was physically abusive to Alexander. Until he was able to escape the abusive home, he lived with his grandmother in the housing projects. Alexander was subjected to violent criminal activity at a young age having witnessed robberies, shootings and even multiple murders. While his father remained a steady presence in his life, he was unable to remove him from the abuse of his grandmother, the drug abuse of his grandmother and the violent, crime ridden atmosphere he was subjected to.

Alexander has one child who is a student. He has always maintained an active part in his daughter's life despite being divorced from her mother.

While undersigned recognizes the Court's obligation to run the sentence on Count 4 consecutive to the Count 1 sentence, undersigned submits that a guideline range of 77 to 96 months on Count 1 is more than an adequate length of sentence for a financial crime. Undersigned would ask that the Court consider a downward departure on the Count 1 imposed sentence, that makes the consecutive time not punitive, and that allows the Defendant the ability to achieve release and work toward paying the significant joint and several restitution component of Alexander's sentence.

Alexander has confessed to his crimes and has accepted full responsibility by pleading guilty to his crimes at the earliest available opportunity. (PSR at Paragraph 23-25). Alexander has also executed a Factual Resume, acknowledging his involvement in the offense. The defendant has assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of the intention to enter a plea of guilty. (PSR at Paragraph 34-35). Alexander provided the information that was the basis of this charge, admitted to his crime and provided information to the officers which directly assisted in the investigation and prosecution of his crime. *Id*.

Alexander acknowledges the tremendous seriousness of his crimes, anticipates that the Court may be inclined to impose a lengthy sentence of incarceration, and can only plead for the Court's mercy in considering a lesser sentence of incarceration that will allow him to become employed. The defendant has exhibited acceptance of responsibility, and is entitled to an adjustment pursuant to U.S.S.G. §3E1.1. The Defendant respectfully requests that the Court grant a lesser sentence than that established in the Guidelines that will still serve the deterrent effects of incarceration.

The defendant has been incarcerated, without release, since arrest on the underlying indictment and requests that he be given credit for time served pursuant to U.S.S.G. §5G1.3.

### Case Law In Support Of Reduction Of Sentencing Guidelines

On January 12, 2005, the Supreme Court ruled that its Sixth Amendment holding in *Blakely v. Washington*, 124 S. Ct. 2531 (2004) and *Apprendi v. New Jersey*, 530 U.S. 466 (2000) applies to the Federal Sentencing Guidelines. *United States v. Booker*, 125 S. Ct. 738, 756 (2005). Given the mandatory nature of the Sentencing Guidelines, the Court found no relevant distinction between the sentence imposed pursuant to the Washington statutes in *Blakley* and the sentences imposed pursuant to the Federal Sentencing Guidelines in the cases before the Court. Id. At 751. Accordingly, reaffirming its holding in *Apprendi*, the Court concluded that

"any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt. Id. At 756.

Based on this conclusion, the Court further found those provisions of the Federal Sentencing Reform Act of 1984 that make the Guidelines mandatory, 18 U.S.C. 3553 (b)(1) or which rely upon the Guidelines mandatory nature, 18 U.S.C. 3742(e), incompatible with its Sixth Amendment holding. *Booker*, 125 S. Ct. at 756. Accordingly, the Court severed and excised those provisions. Making the Guidelines effectively advisory. *Id*. At 757.

Instead of being bound by the Sentencing Guidelines, the Sentencing Reform Act, as revised by Booker,

Requires a sentencing Court to consider Guidelines ranges, see 18 U.S. C. 3553(a)(4) (Supp. 2004), but it permits the Court to tailor the sentence in light of other statutory concerns as well, see 3553(a).

*Booker*, 125 S. Ct. at 757. Thus under *Booker*, sentencing Courts must treat the guidelines as JUST ONE of a number of sentencing factors set forth in 18 U.S.C. 3553 (a).

The primary directive in Section 3553(a) is for sentencing Courts to impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph 2. Section 3553(a)(2) states that such purposes are:

a.      to reflect the seriousness of the offense, to promote respect for the law and to provide just punishment for the offense;

b.      to afford adequate deterrence to criminal conduct;

c.      to protect the public from further crimes of the defendant; and

d.      to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

In determining the minimally sufficient sentence, 3553(a) further directs courts to consider the following factors:

1.      The nature and circumstances of the offense and the history and characteristics of the defendant;

2.      The kinds of sentences available;

3.      The need to avoid unwarranted sentence disparities among defendants
        With similar records who have been found guilty of similar conduct;

4.      The need to provide restitution to any victims of the offense.

Other statutory sections also give the District Court direction in sentencing.  Under 18 U.S.C. 3582, imposition of a term of imprisonment is subject to the following limitation: in determining whether and to what extent imprisonment is appropriate based on Section 3553(a)

factors, the Judge is required to "recognize that imprisonment is NOT an appropriate means of promoting correction and rehabilitation." (emphasis added).

Under 18 U.S.C. 3661, "NO LIMITATION shall be placed on the information concerning the background, character, and conduct of the [the defendant] which a Court of the United States may receive and consider for the purpose of imposing an appropriate sentence" (emphasis added). This statutory language certainly overrides the now advisory policy statements in Part H of the sentencing guidelines, which lists as "not ordinarily relevant" to sentencing a variety of factors such as the defendant's age, educational and vocational skills, mental and emotional conditions, drug or alcohol dependence, and lack of guidance as a youth. See U.S.S.G. 5H1. See also *United States v. Nellum*, 2005 WL 300073, (N.D. Ind. Beb. 3, 2005) (Simon, J.) (taking into account fact that defendant, who was 57 at sentencing, would upon release from prison have a very low likelihood of recidivism since recidivism reduces with age; citing Report of the U.S. Sentencing Commission, Measuring Recidivism: the Criminal History Computation of the Federal Sentencing Guidelines, May 2004); *United States v. Nalor*, __ F. Supp. 2d___, 2005 WL 525409 (W.D. Va. Mar. 7, 2005) (Jones, J) (concluding that sentence below career offender guideline range was reasonable in part because of defendant's youth when he committed the predicate offense he was 17 and noting that in Roper v. Simmons, 125 S. Ct. 1183, 1194-96 (2005), the Supreme Court found significant differences in moral responsibility for crime between adults and juveniles).

The Directives of *Booker* and 3553(a) make clear that courts may no longer uncritically apply the guidelines. Such an approach would be "inconsistent with the holdings of the merits majority in Booker, rejecting mandatory guideline sentences based on judicial fact-finding, and the remedial majority in *Booker*, directing courts to consider all the 3553(a) factors, many of

which the guidelines either reject or ignore". *United States v. Ranum*, 353 F. Supp. 984, 985-86 (E.D. Wisc. Jan. 19, 2005) (Adelman, J.) As another District Court Judge has correctly observed, any approach which automatically gives "heavy weight" to the guideline range "comes perilously close to the mandatory regime found to be constitutionally infirm in *Booker*". United States v. Jaber, __F. Supp. 2d ___, 2005 WL 605787 (D. Mass. March 16, 2005) (Gertner, J.) See also, *United States v. Ameline,* 400 F.3d 646, 655-56 (9th Cir. Feb. 9, 2005) (advisory guideline range is "only one of many factors that a sentencing Judge must consider in determining an appropriate individualized sentence")

> Justice Scalia explains the point well in his dissent from Booker's remedial holding:

> "Thus, Logic compels the conclusion that the sentencing Judge, after considering the recited factors (including the guidelines), has full discretion, as full as what he possessed before the Act was passed, to sentence anywhere within the statutory range. If the majority thought otherwise if it thought the Guidelines not only had to be considered (as the amputated statute requires) but had generally to be followed its opinion would surely say so."

*Booker*, 125 S. Ct. at 791 (Scalia, J., dissenting in part). Likewise, if the remedial majority thought the guidelines had to be given "heavy weight", its opinion would have said so. The remedial majority clearly understood that giving any special weight to the guideline range relative to the other Section 3553(a) factors would violate the Sixth Amendment.

In sum, in every case, a sentencing Court must now consider ALL of the 3553(a) factors, not just the guidelines, in determining a sentence that is sufficient but not greater than necessary to meet the goals of sentencing. And where the guidelines conflict with other sentencing factors set forth in 3553 (a), these statutory sentencing factors should generally trump the guidelines. See *United States v. Denardi*, 892 F.2d 269, 276-77 (3d Cir. 1989) (Becker, J., concurring in part, dissenting in part) (arguing that since 3553(a) requires sentence be no greater than

necessary to meet four purposes of sentencing, imposition of sentence greater than necessary to meet those purposes violates statute and is reversible, even if within guideline range).

Considering *United States v. Hunt*. 459 F.3d 1180, (11th Cir. 2006), The Court should construct an appropriate sentence which weighs not only the guidelines, but especially the history and characteristics of this defendant along with the nature and circumstances of the offense. Alexander submits that in his case, these factors outweigh the necessity of imposing a sentence within the guidelines.

## CONCLUSION

Alexander requests that the Court, in compliance with 18 U.S.C. 3553(a), Sentencing Factors and Procedures, impose a sentence which considers the totality of the case and mitigation factors within the nature and circumstance of the offense and the characteristics of the defendant which warrant a variance from the United States Sentencing Guidelines. Counsel suggests that an appropriate sentence would require immediate payment of a $100.00 special assessment to the Clerk of Court, and a lesser sentence than that of the Sentencing Guidelines that reflects the seriousness of the offense while promoting respect for the law and providing just punishment; that would deter future criminal conduct; and provide adequate protection to the public from further illegal conduct of the Defendant.

Therefore, Alexander respectfully requests a downward variance from the Sentencing Guidelines which would achieve a sentence that is "sufficient but not greater than necessary", 18 U.S.C. 3553(a), to achieve the goals of sentencing.

Respectfully Submitted,

/s/James B. Pittman, Jr.
JAMES B. PITTMAN, JR. (PITTJ6699)

OF COUNSEL:

JAMES B. PITTMAN, JR., P.C.
P.O. Box 2525
Daphne, AL  36526
Telephone: (251)626-7704
Fax: (251)626-8202


## CERTIFICATE OF SERVICE

I certify that I have on this 21st day of February, 2024  served a copy of the foregoing by Electronic Notification to all attorneys of record.

/s/James B. Pittman, Jr.
JAMES B. PITTMAN, JR. (PITTJ6699)